AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

District of New Mexico

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

OCT 3 1 2016

MATTHEW J. DYKMAN
CLERK

| | |
|---|---|
| United States of America<br>v.<br><br>MICHAEL NAKAI<br>*Defendant(s)* | Case No. 16-MJ-3982 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of 10/09/2016 in the county of San Juan in the District of New Mexico, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 18, USC 111 | assaulting, resisting, or impeding a Federal Officer. |

This criminal complaint is based on these facts:
See attached affidavit

☒ Continued on the attached sheet.

*Complainant's signature*

Lance Roundy, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: October 31, 2016

City and state: Farmington, NM

*Judge's signature*

B. Paul Briones, US Magistrate Judge
*Printed name and title*

KN/AUSA

## NEW MEXICO

## ALBUQUERQUE, NEW MEXICO

State of New Mexico )

County of San Juan )

## AFFIDAVIT

I, Lance Roundy being duly sworn, hereby, depose and state as follows:

1. I am a Special Agent (SA) of the Federal Bureau of Investigation (FBI) and have been employed in that capacity since September 2008. I am currently assigned to the Albuquerque Division of the FBI, and have primary investigative responsibility in violent crimes occurring in Indian Country such as robbery, aggravated assaults, assaults on Federal Officers, and homicide.

2. The information set forth in this affidavit has been derived from an investigation conducted by SA Lance Roundy, Farmington Resident Agency of the FBI and Criminal Investigator (CI) Jefferson Joe of the Navajo Department of Criminal Investigation.

## PROBABLE CAUSE

3. On or about October 9, 2016, Law Enforcement Officer John Doe, referred to herein as "HM," while on duty as a Police Officer with the Navajo Nation, received information from dispatch of a white pickup truck driving erratically on Navajo Route 36 outside of Shiprock, New Mexico. A short time later, HM observed a white pickup truck similar in appearance to that described by dispatch traveling westbound on Navajo Route 36. HM observed the vehicle swerve into oncoming traffic forcing the vehicle traveling in the

opposite lane to drive on the shoulder to avoid a collision. HM initiated a traffic stop on the vehicle, which eventually occurred at or near the intersection of US Highway 491 and Navajo Route 36. HM exited his vehicle and identified the driver as MICHAEL NAKAI, referred to herein as "NAKAI," and noticed that NAKAI's speech was mumbled. HM then decided to conduct field sobriety tests with NAKAI based on the observance of the vehicle swerving into oncoming traffic and NAKAI's mumbled speech. While interacting with NAKAI during the sobriety field tests, HM smelled an odor of alcohol emitting from NAKAI's breath. After completing the field sobriety tests, HM determined that NAKAI was driving the vehicle under the influence and decided to arrest NAKAI. HM instructed NAKAI to turn around and place his hands behind his back and informed NAKAI that he was under arrest. NAKAI then swung his arm at HM and positioned his fists in a raised fashion while squaring his body to that of HM in a fighting stance. Without making any contact with HM, NAKAI turned around and fled on foot from HM avoiding HM's attempt to physically apprehend NAKAI. NAKAI refused to follow HM's command to stop and continued fleeing from HM, weaving around the patrol unit and running across US Highway 491. HM pursued NAKAI on foot and was able to catch up to NAKAI across the northbound lane of US Highway 491.

4. HM pushed NAKAI to the ground, and forcefully placed NAKAI's hands in handcuffs behind his back. While walking NAKAI back to the patrol unit, NAKAI continued to resist HM, yelling at the officer with profane language. Upon arrival at the front of the HM's vehicle, NAKAI dropped his body weight in an effort to sit down and fell head first into the pavement, causing a laceration to his facial area. HM then called for backup via his police radio.

5. NAKAI eventually complied with the command to get up on his feet and walked to the side of rear driver's side door of the patrol unit. HM put NAKAI in the rear seat of the patrol unit, however; NAKAI refused to put his legs and feet completely inside of the vehicle so that HM could shut the door. HM bent down to physically push NAKAI's legs and feet into the vehicle and NAKAI kicked HM in the face, causing HM to fall to the ground. Prior to falling to the ground, HM was able to push the door shut, locking NAKAI inside of the patrol unit. HM fell back, hitting his head on the pavement, which caused HM to lose consciousness for a short period of time. After regaining consciousness, HM felt pain in his mouth, face, and head.

6. Other Law Enforcement Officers arrived on scene and assisted HM in securing NAKAI in a seat belt in the back of HM's patrol unit. HM then transported NAKAI to the Northern Navajo Medical Center for treatment. HM also received treatment at the hospital for the kick to the face and subsequent blow to the head from the fall.

7. HM was wearing an audio/video device at the time of the incident. HM turned on the recording at the initiation of the traffic stop and terminated the recording at the conclusion of the incident. A review of the audio/video recording depicted NAKAI resisting the arrest and subsequently kicking at the facial area of HM.

## SUMMARY

8. At the time of the incident with NAKAI on or about October 9, 2016, HM was employed as a Navajo Nation Police Officer and retained a Bureau of Indian Affairs Special Law Enforcement Commission card issued on or about May 12, 2014, and as such was a Federal Officer.

9. In view of the above facts, the affiant submits there is probable cause to believe that on or about October 9, 2016, NAKAI knowingly committed an assault upon HM, a Navajo Nation Police Officer who was commissioned by the Bureau of Indian Affairs. NAKAI kicked HM causing HM to lose consciousness and feel pain in the mouth and face. The incident occurred within the District of New Mexico, in violation of title 18, United States Code, Section 111, assaulting, resisting, or impeding a Federal Officer. Supervisory Assistant United States Attorney Kyle Nayback, United States Attorney's Office, District of New Mexico approved of this document and agreed to seek prosecution based on the facts provided herein.

I swear that this information is true and correct to the best of my knowledge and belief.

Affiant
Special Agent
Federal Bureau of Investigation

Subscribed and sworn before me
on this 3/ day of October, 2016.

B. Paul Brunos
United States Magistrate Judge